Where witnesses to a will signed it out of the presence of the testatrix, and thereafter one of them brought it back and gave it to her, and the testatrix did not acknowledge to either of them that it was her will, or request one of the witnesses to sign the same, the execution was insufficient to establish the will.

2. SAME—CONTEST—COSTS.

Where objections to a will were filed without any intent to protect any interest of the contestant, but merely to cause annoyance, if possible, to the proponent, and the will would have been refused probate without any contest, no costs will be allowed the contestant.

In the matter of the probate of the will of Emma Kivlin.　Probate denied.

Edward D. Childs, for proponent.
James B. Moore, for contestant.
F. L. Corrao, special guardian.

CHURCH, S.　This case is another illustration of the folly of persons endeavoring to attend to their own legal matters, particularly when it comes to the execution of a will.　It appears here that the deceased had in her possession for a long period of time a will to which there is a signature appended, which is probably her own.　At one time she spoke to the two persons who have been presented here as witnesses to the will, and stated that she wanted them to witness her will, which was all made out and ready for them to sign.　Subsequently she stated to Mrs. Von Bargen, one of the witnesses, that she wished her to sign the will as a witness. Mrs. Von Bargen took the paper away, and subsequently, in the absence of the deceased, Mrs. Von Bargen requested her son to sign as a witness with her to the will.　Both Mrs. Von Bargen and her son then signed this paper, and brought it back and gave it to the deceased.　The deceased did not specifically acknowledge that it was her signature to Mrs. Von Bargen or the young man; nor did she at any time directly acknowledge this paper to be her will, or the subscription to be hers, or request the young man to sign as a witness.　These facts show the failure to comply with the provisions of the statute.　There is no doubt but what the deceased intended this paper to be her will, but the courts have held that the intent of the deceased cannot be paramount to the intent of the legislature (In re Andrews' Will, 162 N. Y. 1, 56 N. E. 529, 48 L. R. A. 662, 76 Am. St. Rep. 294), and that, where there has been a complete failure to comply with the statutory provisions, probate must be denied from reasons of public policy; and the courts have gone so far in this matter as to even refuse probate to holographic wills, where there could be no possible doubt as to the intent of the deceased (Mitchell v. Mitchell, 16 Hun, 97, affirmed in 77 N. Y. 596; In re Mackay's Will, 110 N. Y. 611, 18 N. E. 433, 1 L. R. A. 491, 6 Am.

St. Rep. 409. It is fortunate in this case for the beneficiary named in the will that the rejection of this will will make no difference in the rights to which he was entitled in the estate. The party who has assumed to contest this will, however, has apparently made this contest for mere purposes of mischief. As she is a sister of the deceased, and as the deceased died leaving no children, and a husband, the contestant would not be entitled to any portion of the estate, unless the deceased died owning real estate. It has appeared on the contest before me that there is no such real estate; this fact being practically conceded by contestant's counsel. It is therefore apparent that the objections which were filed by the contestant were not filed to protect any interest of the contestant, but merely in the nature of causing annoyance, if possible, to the proponent here; and, if there had been no contest, probate would have been refused on the facts disclosed. Therefore in refusing probate herein I will award no costs to the contestant.

Probate denied. No costs to contestant.